IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDDUARD PRINCE,

        **Plaintiff,**

v.                                                                                                             Civil Action No. 1:23-cv-00362

THE LIBRARY COMPANY OF THE
BALTIMORE BAR, GEORGE LIEBMANN,
ELLEN HOLLANDER,

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the Defendants' ***Motion to Dismiss With Prejudice Or, In The Alternative, For Summary Judgment*** (ECF No. 28).[1] By Standing Order entered on March 14, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 22) Having examined the Amended Complaint, the additional pleadings of record, and after having considered the pertinent legal authority and the arguments of the parties, the undersigned has concluded that the Defendants' ***Motion(s)*** should be **GRANTED** for the reasons stated *infra*:

### Plaintiff's Factual Allegations

On April 25, 2023, the Plaintiff filed his "Amended Complaint" asserting several claims

---

[1] The Defendants filed a subsequent Motion to Dismiss Amended Complaint With Prejudice Or, In The Alternative, For Summary Judgment (ECF No. 33) following the Plaintiff's filing of his Amended Complaint (ECF No. 32). Noting no material difference between the Plaintiff's initial Complaint and the Amended Complaint, the Defendants rely on the same arguments for dismissal as set forth in their initial Motion (ECF No. 33-1). Indeed, the Plaintiff appears to concede this point: "it is our contention that the changes between the initial Complaint and the Amended Complaint were minimal and did not materially affect the substance of the claims." (ECF No. 41 at 4, ¶ 13) The undersigned also observes there are no substantive changes between the Plaintiff's initial and Amended Complaints, and for purposes of this Proposed Findings and Recommendation, focuses on the Defendants' arguments contained in their initial Motion.

against the named Defendants, The Library Company of the Baltimore Bar ("The Library"), George Liebmann ("Mr. Liebmann") and Ellen Hollander ("Judge Hollander"): deprivation of right to receive information under the First Amendment; deprivation of rights under 42 U.S.C. § 1983; and discrimination in place of public accommodation under 42 U.S.C. § 2000a and § 20-304 of the State Government Article of the Maryland Code. (ECF No. 32 at 1, 4, ¶¶ 22-25) Specifically, the Plaintiff alleges that on August 17, 2022, he visited The Library to conduct legal research, and noted that he was unwelcome there due to the "unkind looks and body language" exhibited by Joseph Bennett, head librarian, and Michael Allen, page supervisor and receptionist. (Id. at 2, ¶ 5) The Plaintiff visited The Library again on August 24, 2022, continuing his research when he was again approached by Mr. Allen who asked what case the Plaintiff was working on and to provide him with a case number. (Id., ¶ 9) The Plaintiff refused to provide a case number, and Mr. Allen became upset and asked the Plaintiff to leave the library, but the Plaintiff refused. (Id., ¶ 10) Mr. Allen warned the Plaintiff that if he did not leave, he would call the sheriff, and did so while the Plaintiff recorded him; a sheriff arrived and told the Plaintiff to leave, and again, the Plaintiff refused. (Id. at 2-3, ¶¶ 11-13) The Plaintiff states the sheriff called "a supervisor", and then Captain Kathy Harris arrived with two other officers, and Captain Harris began an investigation. (Id. at 3, ¶ 13-14)

The Plaintiff alleges that on the following day, Mr. Liebmann informed the Plaintiff that he implemented a policy to "stop people like the Plaintiff from using the library as a public lounge, mentioning Ellen Hollander as a board member. Confirming the racist policy to keep African-Americans out of the library. Plaintiff is African-American." (Id., ¶ 15) The Plaintiff alleges he tried to reach out to Judge Hollander about the policy, but she refused to speak with him, yet "informed him through staff that she stands with the enforcement of that policy." (Id., ¶ 16) The

Plaintiff "spoke with Mr. Bennett the following day on a recorded line, where he confirmed the discriminatory treatment of Plaintiff." (Id., ¶ 17) The Plaintiff further alleges he spoke with Captain Harris on a recorded line, and she "confirmed that Mr. Allen saw the Sheriff in the hallway and went out to retrieve him." (Id., ¶ 18)

The Plaintiff alleges he now suffers from nausea, cephalgia (headaches), insomnia, parasomnia (nightmares), anorexia (loss of appetite), and paranoia. (Id., ¶ 19)

Upon information and belief, the Plaintiff alleges that Mr. Liebmann told library staff that the Plaintiff was not allowed to use the library under any circumstances and that Mr. Liebmann and Judge Hollander created The Library policy to deny African-Americans use of the library. (Id. at 3-4, ¶ 20-21)

For relief, the Plaintiff demands $2,000,000, punitive damages, and any other relief this Court deems proper. (Id. at 4)

**Procedural History**

In late December 2022, the Plaintiff, acting *pro se*[2], filed his Complaint in the Circuit Court for Baltimore City and was removed by the Defendants to this Court on February 9, 2023. (ECF No. 1) On April 12, 2023, the Defendants filed their Motion to Dismiss With Prejudice Or, In The Alternative, For Summary Judgment (ECF No. 28), along with its supporting Memorandum (ECF No. 28-1), and seven exhibits: (1) a PACER list of several civil actions the Plaintiff had filed *pro se* in the Maryland District Court, Florida Southern District Court, and Pennsylvania Western District Court spanning the last twenty years; (2) a copy of Maryland Judicial Case Search Results list of several civil actions the Plaintiff had filed *pro se* in various district and circuit courts since

---

[2] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1993; (3) a list of varied closed criminal proceedings against the Plaintiff maintained by the Miami-Dade County Clerk of the Courts; (4) a list of varied closed civil, family and probate proceedings involving the Plaintiff maintained by the Miami-Dade County Clerk of the Courts; an Affidavit of Joseph W. Bennett, a copy of the 1840 Maryland Laws Chapter 8 concerning the incorporation of the Library Company of the Baltimore Bar, and a copy of the Bylaws of the Library Company of the Baltimore Bar; an Affidavit of Ellen Lipton Hollander; and a copy of the 1846 Maryland Laws Chapter 323 concerning incorporation of certain non-profit organizations (ECF Nos. 28-2, 28-3, 28-4, 28-5, 28-6, 28-7, 28-8).

Subsequent to the Clerk's entry of the Rule 12/56 Notice and the undersigned's entry of the Roseboro notice on April 13, 2023 (ECF Nos. 29, 30), the Plaintiff filed his "Amended Complaint" on April 25, 2023 (ECF No. 32). On April 28, 2023, the Defendants then filed their Motion to Dismiss Amended Complaint With Prejudice Or, In The Alternative, For Summary Judgment (ECF No. 33) along with its supporting Memorandum (ECF No. 33-1), and ten exhibits, which concern a copy of the Defendants' initial Motion to Dismiss, Memorandum in Support, and exhibits as described *supra* (ECF Nos. 33-2, 33-3, 33-4, 33-5, 33-6, 33-7, 33-8, 33-9, 33-10, 33-11). That same date, the Clerk again issued a Rule 12/56 Notice to the Plaintiff via email (ECF No. 34).

On May 4, 2023, the Plaintiff filed a "Motion to Disqualify Defense Counsel" (ECF No. 35), on May 18, 2023[3], the Defendants filed their Response in Opposition (ECF No. 36), with a supporting Affidavit of Joseph W. Bennett (ECF No. 36-1), to which the Plaintiff filed his "Response" (ECF No. 37).

On May 26, 2023, the Plaintiff filed his "Response to Motion to Dismiss Amended

---

[3] This Motion is addressed via separate Order.

Complaint with Prejudice or in the Alternative for Summary Judgment" (ECF No. 41).

Accordingly, this matter has been fully briefed and ready for decision.

**Defendants' Argument in Support of Dismissal/Summary Judgment**

The Defendants assert that the Plaintiff's claims under Section 1983 fail as a matter of law because none of the Defendants are state actors or acted under color of state law. Moreover, the Plaintiff fails to state a claim for discrimination in place of public accommodation under the federal statute or Maryland statute. First, The Library is not a covered establishment under 42 U.S.C. § 2000a(b); second, the Plaintiff has not alleged that he provided notice to the State prior to filing suit as required under law; and third, the Plaintiff does not have a private right of action for monetary damages under the law. Finally, Judge Hollander is entitled to summary judgment because the Plaintiff's allegations against her fall woefully short – and are also entirely based on inadmissible hearsay per the Plaintiff's own claims.

**Plaintiff's Response in Opposition to Dismissal**

The Plaintiff asserts that his First Amendment claim "raises a significant question regarding the nature of [the Defendants] actions", and is essential to determine whether the Defendants were acting as state actors. The Plaintiff disputes that the Defendants' "Exhibit B"[4] (ECF No. 28-1) conclusively establishes the validity of their argument that they are not state actors. The Plaintiff indicates that the violation of his constitutional rights "can provide an alternative avenue for relief" and "warrants further examination in evaluating the merits of the Plaintiff's claim." The Plaintiff also argues that he "may be asserting a claim based on Judge Hollander's actions in a different capacity, such as her role as a board member of a relevant organization" and that his inclusion of the phrase "board member that helped create the racist policy" provides

---

[4] It appears that the Plaintiff references ECF No. 28-1 as "Exhibit B" from the attachment to ECF No. 33 – and is marked "Exhibit B" thereto as ECF No. 33-3. Both are the same document, however.

5

sufficient notice of his claim against Judge Hollander.

The Plaintiff states that dismissal at this stage of litigation is premature, and that discovery should proceed to determine the sufficiency of his claims. The Plaintiff further asserts that there are genuine issues of material fact that precludes summary judgment, and is prepared to present evidence showing same. The Plaintiff also argues that "the Defendants' motion goes outside the four corners of the complaint by introducing arguments and assertions that are not based solely on the allegations contained therein." Additionally, the Plaintiff argues that dismissal of his complaint would effectively deny his right to his day in court. The Plaintiff cautions the Court that dismissal at this stage of the proceedings rob the Plaintiff of engaging in the discovery process and to present any additional evidence that will further demonstrate his claims; thus, to promote the interests of justice and fairness, the Plaintiff asks this Court to deny the Defendants' motion.

## The Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 -

7

87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Baber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: [] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]

Accordingly, the undersigned finds that the Exhibits attached to the Defendants' pleadings may be properly considered for purposes of a motion for summary judgment.

### The Relevant Law

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983

provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, the Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

In Monell, the Supreme Court recognized that municipalities and municipal offices are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. However, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va.1999), *overruled on other grounds*, Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is an a person amenable to suit."). The Library is not a "person" subject to a Section 1983 claim, thereby warranting dismissal.

Regarding Mr. Liebmann and Judge Hollander, and to a lesser extent The Library itself, again, the Plaintiff provides no supporting facts to suggest any of these Defendants are State actors or were acting under color of State law. The Plaintiff appears to concede this point: "If the Defendants' actions involved a deprivation of the Plaintiff's right to receive information, it is essential to determine whether they were acting as private entities or if there is any involvement of state actors." (See ECF No. 41 at 2, ¶ 3; see also, Id., ¶ 5) Indeed, the Plaintiff indicates that he is exploring another avenue for relief, ostensibly outside of a Section 1983 claim: "the Plaintiff may be asserting a claim based on Judge Hollander's action in a different capacity[5], such as her

---

[5] Given the undisputed fact that Judge Hollander is and was a United States District Judge at the time of the Plaintiff's alleged grievance, the Plaintiff's Section 1983 still holds no water. See Mackall v. U.S. Dep't of Def.,

9

role as a board member of a relevant organization." (Id. at 3, ¶ 9) Thus, the Plaintiff's Section 1983 claims against the Defendants fail and should be dismissed.

Moreover, the Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Plaintiff's Amended Complaint does not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. The complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, dismissal for failure to state a claim is properly granted when a plaintiff can prove no set of facts in support of claim that would entitle him to relief. Because the Plaintiff's Amended Complaint contains no facts to allege any of these Defendants acted under color of state law, his claim is not cognizable under Section 1983; moreover, to that extent, the Plaintiff's Amended Complaint is not salvageable

---

2017 WL 5564665, at *6 (D. Md. Nov. 20, 2017) ("Section 1983 only provides relief for constitutional violations committed by state employees, not federal officers.").

even if he was permitted to amend a second time in the spirit of Denton v. Hernandez, *supra*.

With respect to the Plaintiff's claims under 42 U.S.C. § 2000a and Maryland State Gov't § 20-304, while the Plaintiff does not allege any specific facts that indicates The Library is a covered establishment under either statute, he also does not respond or otherwise address the Defendants argument in support of dismissal concerning these claims.[6] The Plaintiff's failure to respond to the Defendants' arguments on these points should be deemed to have conceded to these arguments. See, e.g., Wilson v. Detweiler, 2020 WL 4053827, at *4 (D. Md. Jul. 20, 2020 (citing Mentch v. Eastern Sav. Bank, FSB, 949 F. Supp. 1236, 1246-1247 (D. Md. 1997) (stating failure to meaningfully oppose or respond to an argument in a motion constitutes a waiver); Matusiewicz v. Florence County Sheriff's Office, 2019 WL 3416616, at *8 (D.S.C. May 30, 2019), *report and recommendation adopted by*, 2019 WL 3413385 (D.S.C. Jul. 29, 2019); Gowen v. Winfield, 2022 WL 822172, at *3 (W.D. Va. Mar. 18, 2022) (" 'Failure to respond to an argument made in a dispositive pleading results in a concession of that claim.' ") (quoting United Supreme Council, 33 Degree of the Ancient and Accepted Scottish Rite of Freemasonry, Prince Hall Affiliation, S. Jurisdiction of the U.S. v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry, S. Jurisdiction, Prince Hall Affiliated, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018)). Accordingly, the Plaintiff's claims as they relate to the federal and state statutes governing discrimination in place of public accommodation should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[6] It is also noteworthy that the Plaintiff does not address The Library's Bylaws, which indicate that not only does one have to be a member of The Library to use its facilities, but also that its members must pay membership dues. (See ECF No. 28-6 at 7-8)

that the District Judge **GRANT** the Defendants' *Motion(s) to Dismiss* (ECF Nos. 28, 33), **DISMISS** the Plaintiff's Amended Complaint (ECF No. 32), with prejudice, and **REMOVE** this action from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk is directed to transmit a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: June 6, 2023.

*[Signature]*

Omar J. Aboulhosn
United States Magistrate Judge